CLIFFORD REDMOND

v.

STATE OF ILLINOIS.

*Opinion filed December 17, 1914.*

1. NON-LIABILITY OF STATE—*Morrissey* v. *State ante followed.* The doctrine announced in the case of *Morrissey* v. *State, supra,* is applicable to this claim.

2. STATUTE OF LIMITATIONS—*two year statute bar to this claim.* This claim is unliquidated, and since the cause of action accrued on July 12, 1908, and the claim was not filed until November 29, 1910, the Statute of Limitations is a bar to the same.

James C. O'Brien, for Claimant.

P. J. Lucey, Attorney General, and Arthur R. Roy, Assistant Attorney General, for State.

Claimant, with a companion, was in charge of a launch and house-boat, with which they left Chicago on July 12, 1908, traveling along the Illinois-Michigan Canal. It was their intention to make a trip along the canal, stopping at various points for the purpose of doing odd jobs of repairing machinery, etc., and he had tools with him for that purpose. At about 8:45 in the evening, they reached the Jackson street bridge at Joliet, where there was a dam without light or signals. They struck the dam and the house-boat was stranded there. The next morning they were directed by the lock-tender to the lock. Subsequently, the water was lowered and the house-boat was flooded. Property of the claimant, amounting in value, as he says, to $116.00, was damaged or destroyed, and he received injuries and shock for which he claims $100.00.

Counsel for claimant, in his argument, confines himself to a discussion of the negligence on the part of the lock-tender of the canal, an agent of the State, and to the effect that claimant was free from blame. The State, in answering, contents itself with the statement, that if this Court should hold that the Illinois-Michigan Canal is a business enterprise, and not operated

in the exercise of a governmental function, that then the doctrine of *respondeat superior* applies to the State and that it has no objection to making an award.

While this case has been under consideration, the Court has also considered the case of *Morrissey* v. *State of Illinois,* opinion filed at this term of this Court, and the other so-called canal cases involving similar questions. Those claims were rejected by this Court without prejudice to the claimant, we holding, that the State in the operation of the canal exercises governmental function. This Court has also repeatedly held, that the State cannot be held responsible for the negligent acts or omissions of its agents.

In this view of the law so repeatedly followed by this Court, we cannot make an award in favor of claimant.

It remains for us to determine whether or not this claim should be rejected without prejudice. The cause of action accrued on July 12, 1908, and claim was filed herein on November 29, 1910. The Statute of Limitations providing for the filing of unliquidated claims against the State, limits the time within which such claims may be filed to two years. It had run in this case, and the claim must be rejected for that reason.

The judgment of this Court is that the claim be rejected.